Natalya **KOLOMICHENKO,** Yevgeniy Kochnev, Petitioners,

v.

Alberto R. **GONZALES,**[1] Respondent.

Nos. 03–40425–ag(L), 03–40425–ag(con).

United States Court of Appeals, Second Circuit.

Nov. 8, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for his predecessor as the respondent in this case.

The Bureau of Citizenship and Immigration Services is dismissed as a respondent because the only proper respondent is the Attorney General. *See* 8 U.S.C. § 1252(b)(3)(A).

Nicholas J. Mundy, Kuba, Mundy & Associates, New York, NY, for Petitioners.

Gary L. Hayward, Assistant United States Attorney, for Matthew G. Whitaker, United States Attorney for the District of Iowa, Des Moines, Iowa.

PRESENT: Hon. WALKER, Hon. REENA RAGGI, Circuit Judges, and Hon. TIMOTHY C. STANCEU,[2] Judge.

## SUMMARY ORDER

Petitioners Natalya Kolomichenko and Yevgeniy Kochnev, citizens of Kazakhstan, petition for review of a BIA order adopting and affirming a November 5, 2001 ruling by Immigration Judge ("IJ") William C. Peterson denying petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kolomichenko*, No. A77 563 775 (B.I.A. Aug. 4, 2003), *aff'g* No. A 77 563 775 (Immig. Ct. N.Y. City Nov. 5, 2001). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Kolomichenko sought relief for herself and her husband, Kochnev, based on allegations of past persecution and feared future persecution due to her Christian religion and Russian ethnicity, both of which made her a minority in Kazakhstan. Kolomichenko alleged a pattern of discrimination throughout her lifetime and a series of specific incidents in 1998 and 1999, in which: (1) an unidentified Kazakh man cursed and swung his fist at her on the street; (2) a group of four or five unidentified Kazakh men threatened and spat at her until a police car passed and she was able to escape; (3) two unidentified men attacked her, inflicting injuries that required hospitalization; (4) two unidentified Kazakh men threw her to the ground and took her wallet; (5) three unidentified Kazakh men assaulted her fiancé; (6) unidentified Kazakhs threatened and then murdered her mother; and (7) unidentified persons murdered her father. Kolomi-

chenko testified further that the assailants in several of these incidents made statements to the effect that they had targeted her on the basis of her ethnicity and/or religion.

The IJ identified four bases for his decision to deny the petitioner's claims: (1) petitioner's testimony was not credible; (2) her testimony, even taken as true, did not establish the required nexus between the harm alleged and the government; (3) the evidence did not establish the required nexus between the harm alleged and any of the five statutory grounds for asylum or withholding of removal; and (4) the harm alleged was not severe enough to constitute persecution. Petitioner appealed to the BIA, which summarily affirmed. Accordingly, we review the decision of the IJ. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003).

■ At the outset, the respondent urges dismissal because the petitioner failed to exhaust her administrative remedies by contesting the IJ's specific, dispositive findings before the BIA. *See Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004). While petitioner's administrative presentation, through counsel, of generally "vague and conclusory" challenges to the IJ ruling can hardly be commended, we nevertheless deem it "suffic[ient] to alert adequately the [BIA] to the discrete issue [s]he presses in this Court," with respect to her asylum and withholding of removal claims. *Id.* at 78. Accordingly, on exhaustion grounds, we dismiss only petitioner's CAT claim, which was not presented to the BIA at all. *See id.* at 77–78.

■ Reaching the merits, we deny the petition because the IJ ruled correctly that

2. The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

petitioner failed to establish any nexus between the harms alleged and the government: "Even if the [petitioner's] testimony were considered as true, . . . [petitioners] have failed to establish that they have been persecuted in the past on account of any of the five enumerated grounds *by any group the government cannot or is not willing to control.*" No. A 77 563 775 at 17 (Immig. Ct. N.Y. City Nov. 5, 2001) (emphasis added). Because this conclusion required the IJ to apply law relating to the required government nexus to the facts of this case, our review is *de novo. See Lin v. U.S. Dep't of Justice,* 459 F.3d 255, 262 (2d Cir.2006).

As the quoted language makes clear, the IJ applied the correct legal standard, searching the record not only for government action but also for government acquiescence in third-party action. *Cf. Pavlova v. INS,* 441 F.3d 82, 91–92 (2d Cir.2006) (remanding where IJ applied incorrect legal standard for government nexus). The IJ went on to identify undisputed facts that support his legal conclusion:

> None of the actions testified to by the [petitioners] were done by the government. They were all done by small groups of individuals; two Kazakhs, three Kazakhs in one incident. In fact in each of the instances the respondent testified that once authorities came into the picture, the vandals or assailants either ran away or the [petitioner] was able to escape.

No. A 77 563 775 at 17 (Immig. Ct. N.Y. City Nov. 5, 2001).

 Kolomichenko did not allege that any of her unidentified assailants was associated with the government or even with any organized group. *Cf. Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342 (2d Cir.2006) (remanding where petitioner "testified that on three separate occasions . . . military or police officers violently attacked her"); *Pavlova v. INS,* 441 F.3d at

85(remanding where petitioner alleged repeated assaults by members of an identified Russian nationalist group). Rather, petitioner argued that government acquiescence in the harms she alleged could be inferred from the fact that the police opened investigations into her assaults but then closed those investigations for lack of evidence. In the circumstances of this case, where the petitioner could not provide identifying information as to any of her assailants, the closure of investigations for lack of evidence is insufficient, by itself, to demonstrate government acquiescence in third-party persecution.

 Because government involvement or acquiescence in persecution is required to justify either asylum or withholding of removal, the lack of a government nexus ends our inquiry. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d at 339, 342 (stating that the same "concept of persecution inheres in the analysis of both asylum and withholding of removal," and noting the requirement of a government nexus). Thus, even if petitioner were to demonstrate that the IJ erred in evaluating her credibility, any errors in that respect are necessarily harmless in light of the failure to establish a government nexus. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006) (noting that denial of a petition is appropriate "where the IJ explicitly relies on a valid alternative ground for denying relief that is not tainted by error").

The petition for review of the BIA's August 4, 2003 order is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is DENIED.